IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACK G. DONAHOO,                                              CV. 02-1512-HU

          Petitioner,                      FINDINGS AND RECOMMENDATION

   v.

ROBERT LAMPERT,

         Respondent.

HUBEL, Magistrate Judge

Petitioner, an inmate at the Snake River Correctional Institution (SRCI), brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition should be denied as untimely.

## BACKGROUND

On December 17, 1997, a judgment was entered against petitioner pursuant to his guilty plea to two counts of Sodomy in the First Degree, and one court of Attempted Sodomy in the Second Degree. An amended judgment was entered on December 30, 1997, and a second amended judgment was issued on July 20, 1998. The second amended judgment was entered into the court docket on July 22,

1998. Petitioner had 30 days in which to file an appeal. O.R.S. 138.071 (2003). Petitioner, however, did not file a direct appeal.

More than a year later, on December 2, 1999, petitioner filed a petition for post-conviction relief.[1] On January 10, 2001, the trial court denied post-conviction relief. The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. The appellate judgment was issued on September 16, 2002. On October 9, 2002, petitioner filed his federal habeas corpus petition.[2]

## DISCUSSION

**I. Applicable Law.**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The petition for post-conviction relief was signed by petitioner on December 2, 1999, and filed with the court on December 8, 1999. For purposes of calculating the limitation period, I accept petitioner's representation that he placed the petition in the prison mailbox on December 2nd. Accordingly, the petition will be deemed filed on that date. See Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).

[2] Petitioner allegedly signed the habeas petition on October 9, 2002. It was not received by the court until November 7, 2002. For purposes of this decision, the habeas petition shall be deemed filed on October 9th. See Lott, 304 F.3d at 921.

2 -- FINDINGS AND RECOMMENDATION

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The limitation period may be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file a timely petition.  Gaston v. Palmer, 387 F.3d 1004, 1009 (9th Cir. 2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001), reh'g on en banc, 295 F.3d 1046 (9th Cir. 2002).  The threshold necessary to trigger equitable tolling is very high, "'lest the exceptions swallow the rule.'"  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002)).

The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the but-for and proximate cause of his late filing.  Allen, 255 F.3d at 800; Gaston, 387 F.3d at 1009; Miranda, 292 F.3d at 1065.  Negligence on the part of post-conviction

counsel in the miscalculation of the limitations period does not constitute extraordinary circumstances warranting equitable tolling. Frye, 273 F.3d at 1146; Spitsyn, 345 F.3d at 800; Miranda, 292 F.3d at 1068. Further, the lack of adequate access to library materials does not automatically qualify as grounds for equitable tolling. Frye, 273 F.3d at 1146 (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)).

## II. **Analysis**.

Absent tolling, the limitation period commenced in this case on August 21, 1998 (30 days after the entry of the second amended judgment).[3] 28 U.S.C. § 2244(d)(1)(A). A total of 468 days elapsed from that date to the time petitioner signed his state post-conviction petition. The limitation period was tolled during the time petitioner's state post-conviction proceeding was pending. 28 U.S.C. § 2244(d)(2).

Another 23 days elapsed between the time the post-conviction appellate judgment was entered and petitioner filed the instant proceeding. Hence, a total of 491 days elapsed from the date of the second amended judgment and the filing of petitioner's federal habeas corpus petition. In other words, petitioner's habeas

---

[3] This court need not determine whether the limitation period commenced on the date of the original or second amended judgments because under either scenario, the petition is untimely.

petition was filed approximately four months after the expiration
of the limitation period.

Petitioner concedes that his petition is untimely, but argues
that the limitation period should be tolled because he "had
insufficient notice of the applicable statute of limitations, due
to inadequate access to legal materials and advice" while house at
SRCI. Additionally, petitioner argues that "[f]ailure to equitably
toll the federal statute of limitations will result in a suspension
of the writ of habeas corpus".

The affidavits submitted by the parties reveal that petitioner
was transferred to SRCI in March, 1998. At that time, Attorney
David Carlson was under contract to provide legal assistance to
SRCI inmates. Former inmate legal assistants Neil Stafford and
Kenneth Thunderbird attest that many inmates at SRCI had difficulty
obtaining legal assistance from Carlson. In order to obtain
assistance from Carlson, an inmate was required to submit an Inmate
Communication to Inmate Legal Services. *On an unspecified date*,
petitioner wrote a "letter" to Carlson and received no response.
Petitioner does not attest, however, that he submitted an Inmate
Communication to Inmate Legal Services requesting the assistance of
Carlson.

Petitioner attests that in May, 1998 (prior to the entry of
the second amended judgment), he was advised by his trial attorney
that he could not seek post-conviction relief. Petitioner does not

recall if his attorney provided any basis for his legal advice. Inmate Thunderbird, however, advised petitioner that he could seek post-conviction relief within two years of his conviction. In discussing post-conviction relief with petitioner, neither petitioner's trial attorney nor Thunderbird advised petitioner that he must file his state post-conviction petition within one year of his conviction in order to preserve his ability to file a federal habeas petition.

In September, 1998, (just one month after the commencement of the limitation period), Carlson's contract with SRCI ended. The institutional library at SRCI opened in approximately October, 1998. There is some dispute as to the materials available to inmates at that time. Mary Jean Wilson, a SRCI employee, submits documentary evidence that the SRCI library possessed title 28 U.S.C. § 2254 since at least 1997,[4] and a 1999 edition of the *Federal Habeas Corpus Update*. Kent Ward, the former Assistant Superintendent of Program Services at SRCI, explains that by no later than October 1, 1998, SRCI inmates were able to access the institutional library system to the same extent as inmates housed at other ODOC institutions.

---

[4] The court notes that respondent offers no affidavits or documentary evidence indicating that the SRCI library possessed title 28 U.S.C. § 2244 (the statute containing the limitation period).

In contrast, Inmate Stafford attests that "[i]t is only this year that the SRCI library received legal materials on the AEDPA and the federal statute of limitations for filing a federal habeas petition." However, Inmate Thunderbird, the inmate legal assistant who advised petitioner, concedes that "around the first of 1999 . . . legal assistants . . . received the information packet on 'AEDPA' [and] then . . . started appling [sic] the information to inmates claims and notifying as many of the institution inmates." (Respondent's Exh. 109 at 4-5; Petitioner's Exh 13 at 2.)

Based on the foregoing, I conclude that petitioner has failed to demonstrate that extraordinary circumstances beyond his control existed that were the proximate cause of his failure to file a timely habeas petition. First, petitioner has failed to demonstrate that he diligently sought legal assistance from Attorney Carlson by submitting an Inmate Communication to Inmate Legal Services. Moreover, approximately eleven months remained after the termination of Carlson's contract for petitioner to file a timely federal habeas petition. <u>See</u> <u>Allen</u>, 255 F.3d at 800-801 (it will normally be more difficult for prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome early obstacles).

Second, petitioner has failed to demonstrate that he had inadequate access to legal resources after the termination of Carlson's contract, or that the alleged inadequacy was the proximate cause of his late filing. Petitioner had access to some legal materials, including the 1999 edition of the *Federal Habeas Corpus Update*, sometime after October, 1998. Moreover, Inmate Thunderbird concedes that "around the first of 1999," inmate legal assistants received information packets on the AEDPA. Petitioner has made no showing that he could not have obtained the same information packet "around the first of 1999." Notwithstanding, petitioner did not file his state post-conviction petition until December 2, 1999.

Petitioner has made no showing that inadequate access to legal materials was the proximate cause of his untimely filing. Rather, he attests that he "relied upon the advice [he] received from Mr. Thunderbird" and filed his state post-conviction petition within two years of his conviction. An *attorney's* negligence in calculating the due date for a habeas petition is not grounds for equitable tolling. <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066-67 (9th Cir. 2002). *A fortiori* an inmate legal assistant's negligent miscalculation of the limitation period is not grounds for equitable tolling. <u>See</u> <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (reliance upon inmate legal assistant does not

relieve petitioner from personal responsibility of complying with § 2244(d)(1)).

In sum, petitioner has failed to demonstrate that inadequate access to legal assistance from Carlson, or to legal materials after the termination of Carlson's contract, was the proximate cause of filing his federal habeas petition approximately four months late. At best, petitioner has established that his reliance on inaccurate advise from an inmate legal assistant caused his delay in filing. Accordingly, I conclude that there is no basis for equitably tolling the limitation period.

Similarly, I conclude that petitioner has failed to demonstrate that SRCI's utilization of attorney Carlson to provide legal assistance, or the access provided petitioner to the institutional library, was an unconstitutional, state-created impediment that *prevented petitioner from filing* his petition so as to statutorily toll the limitation period. See 28 U.S.C. § 2244(d)(1)(B). Because I conclude that the record is adequately developed on these issues, petitioner's request for an evidentiary hearing should be denied.

In his sur-reply, petitioner argues that respondent should be estopped from asserting the limitation period as a defense because petitioner relied upon the advise of inmate legal assistants who were authorized agents of the state and held out by respondent to be capable of assisting inmates. Assuming that equitable *estoppel*

applies in this context,[5] I reject petitioner's contention that inmate legal assistants are "authorized agents of the state" or that the state may be estopped from asserting § 2244(d)(1) as a defense due to representations made by an inmate legal assistant. Reid v. Lampert, 2004 WL 1305249 *1 (D.Or. 2004) (rejecting argument that inmate legal assistants are employees of the state). Accordingly, equitable estoppel does not apply.

Finally, because petitioner has failed to demonstrate the requisite diligence or that extraordinary circumstances prevented the timely filing of his petition, I reject petitioner's argument that § 2244(d) is an unconstitutional suspension of the writ as applied to him. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003); Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000).

## CONCLUSION

Petitioner's habeas corpus petition (#2), and his request for evidentiary hearing, should be denied, and this proceeding should be dismissed, with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due

---

[5] See Williams v. Sims, 390 F.3d 958, 959-62 (7th Cir. 2004); see also Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) ("wrongful conduct" on part of defendant is extraordinary circumstance warranting equitable tolling).

April 21, 2005.  If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due May 5, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this __6th__ day of April, 2005.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge